# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| STIFEL, NICOLAUS & COMPANY, INC., *et al*. | ) ) ) | |
| Plaintiffs, | ) ) | Chief Judge William M. Conley |
| v. | ) ) | Case No. 13-cv-372-wmc |
| LAC DU FLAMBEAU BAND OF LAKE SUPERIOR CHIPPEWA INDIANS *et al.* | ) ) ) | |
| Defendants. | ) ) | |

## SAYBROOK'S MOTION TO STRIKE
## THE AFFIDAVITS OF KEVIN WASHBURN AND ELAINE TRIMBLE SAIZ

In addition to the reasons articulated in Stifel's Motion to Strike, Saybrook[1] moves to strike the Affidavits of Kevin Washburn (Dkt. No. 54-18) and Elaine Trimble Saiz (Dkt. No. 51) because each affiant is a federal employee unable to offer expert testimony.  Mr. Washburn took an official position in September 2012—well before this case was filed—yet the Tribal Parties seek to rely on an affidavit he executed as a private citizen during a previous lawsuit.  Upon information and belief, Ms. Trimble Saiz has recently begun federal employment at the U.S. Department of Commerce, although the Tribal Parties have been unable to provide additional detail.  Saybrook has subpoenaed Ms. Trimble Saiz and is attempting to subpoena Mr. Washburn.  Based on conversations with counsel for the Tribal Parties, Saybrook anticipates that these individuals will not agree to be deposed or appear at the March 14, 2014, preliminary injunction hearing.

Their affidavits should be struck.  Consistent with this Court's gatekeeping role, inadmissible expert testimony is properly excluded at the preliminary injunction stage.  *See*

---

[1] Saybrook Fund Investors, LLC, and LDF Acquisition, LLC.

*Autotech Tech. Ltd. P'ship v. Automationdirect.com*, 471 F.3d 745, 749 (7th Cir. 2006).  The

unavailability of Washburn and Trimble Saiz creates two grounds for striking their affidavits (in

addition to those addressed in Stifel's Motion to Strike).  First, permitting the Tribal  Parties to

submit unchallengeable affidavits raises serious due process concerns.  Second, the affidavits fail

demonstrate the reliability required by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S.

579 (1993).  These defects cannot be cured, and the affidavits should be struck.

I.      **RELYING ON THE WASHBURN AND TRIMBLE SAIZ AFFIDAVITS WOULD
        VIOLATE DUE PROCESS.**

        This Court should strike the Washburn and Trimble Saiz Affidavits because due process

and fundamental fairness require that parties be given the chance to cross-examine their

opponents' experts.  The Tribal Parties cannot produce Mr. Washburn and Ms. Trimble Saiz for

such examinations, and therefore their affidavit testimony should be excluded.

        In *Daubert*, the Supreme Court recognized that cross-examination is a "traditional and

appropriate means of attacking" proffered expert evidence.  509 U.S. at 596.  The Seventh

Circuit has recognized that cross-examination in this context is of constitutional dimension.

*Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 561-62 (7th Cir. 1984) (noting that cross-

examination is "a fundamental right that a court should abridge only to curtail abuse" and

defendant was "entitled to cross-examine plaintiffs' experts on the data underlying their

opinions"); *see also Chi. Ridge Theatre Ltd. P'ship v. M & R Amusement Corp.*, 855 F.2d 465,

468-69 (7th Cir. 1988) (due process rights violated where court relied on pre-filed, unintroduced

testimony of experts who never testified and were not subject to cross-examination).

        Permitting the tribe to offer unchallengeable affidavit testimony dispenses with these

hallmarks of due process and our adversary system of justice.  With Mr. Washburn and Ms.

Trimble Saiz now employed by the federal government, they are unable to actively serve as

experts for the Tribal Parties, and movants cannot meaningfully examine and address several flaws contained in their affidavits.  There can be little doubt that movants are prejudiced by this inability to mount an effective challenge to these opinions.  Therefore, these affidavits should be excluded from this Court's consideration.  *See also Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 301-02 (3d Cir. 1991) (district court properly excluded expert where proponent failed to make expert available for deposition); *Millenkamp v. Davisco Foods Int'l, Inc.*, No. CV 03-439-S-EJL, 2005 WL 1863183, at *2 (D. Idaho Aug. 4, 2005) (striking expert witness who had not submitted expert report and would be unavailable for 18 months).

## II.   THE WASHBURN AND TRIMBLE SAIZ AFFIDAVITS FAIL *DAUBERT'S* RELIABILITY REQUIREMENT.

The Washburn and Saiz Affidavits should also be struck as unreliable.

As pertinent here, *Daubert* requires a judge to ensure that expert testimony is reliable before it is admitted into evidence.  *Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 893 (7th Cir. 2011).  For expert testimony based on experience to be found reliable, the expert must be able to explain how his or her "experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 advisory committee note; *Crawford Supply Grp. v. Bank of Am., N.A.*, No. 09 C 2513, 2011 WL 4840965, at *3-4 (N.D. Ill. Oct. 12, 2011) (quoting committee note, barring testimony, and striking experience-based expert affidavit).  In other words, an expert must show his work, and an expert "opinion" that is little more than a list of conclusions fails the requirements of *Daubert* and may not be admitted.  *See also Petrogradsky Mejdunarodny Kommerchesky Bank v. Nat'l City Bank of N.Y.*, 170 N.E. 479, 483 (N.Y. 1930) (Cardozo, J.) (an "opinion has a significance proportioned to the sources that sustain it").

Mr. Washburn's affidavit claims to offer opinions based on his experience.  Yet, at

several key points in his affidavit he provides no detail about his experiences and fails to explain how specific experiences lead to his conclusions. For instance, Mr. Washburn opines in Paragraph 16 of his Affidavit "that none of the documents prepared in relation to the bond closing were designed to stand independently of the Trust Indenture." But in providing this opinion, which apparently speaks to the intention of the parties that drafted the documents, Mr. Washburn fails to explain how his experience at NIGC allows him to testify as to what contracting parties intended. *Crawford*, 2011 WL 4840965, at *3. He does not explain why that experience at NIGC provides a sufficient basis to support his opinions about the deal's design. *Id.* And he does not explain or otherwise indicate how that experience reliably has been applied to the facts at issue. *Id.* There is no comparison to his past work at NIGC, no explanation of how this deal fits into the constellation of contracts that Mr. Washburn has seen.

The principal basis Mr. Washburn offers for his opinion that the Bond documents were not "designed to stand independently of the" Indenture is the fact that many of the deal documents "reference" the Indenture, which the Seventh Circuit has already held does not void a document collateral to a void management contract. *Wells Fargo Bank, N.A. v. Lake of the Torches Econ. Dev. Corp.*, 658 F.3d 684, 701 (7th Cir. 2011) ("In our view, the mere reference to a related management contract does not render a collateral document subject to the Act's approval requirement."). Mr. Washburn also cites an educational text that describes Indentures as "complicated and elaborate," and he provides the unadorned opinion that "the deal makes little sense in [the Indenture's] absence." (Washburn Aff. ¶ 16 & n.7.)

It is hardly obvious that these explanations are based on Mr. Washburn's NIGC experience at all, and the explanations fail to support the conclusion that the transactional documents were not "designed to stand independently of the" Indenture. The defect pervades

much of Mr. Washburn's testimony.  (*E.g., id.* ¶ 23 (failing to explain how the Bonds, a marketable security, grant rather than merely refer to a security interest in one of the Tribal Party's gross revenues); *id.* ¶ 25 (failing to explain what from his past experience supports his conclusion that the Tribal Agreement is void); *id.* ¶¶ 27-28 (failing to explain how the Limited Offering Memorandum could qualify as a contract of any type, but nonetheless declaring it to be a void management contract).)

Time and again, the reader is left with little more than Mr. Washburn's *ipse dixit* to support his views.  (And, as Stifel persuasively argues, his legal opinions.)  He touts his experience instead of fleshing it out, which is insufficient to establish the reliability that *Daubert* demands.  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999) ("*Daubert*'s gatekeeping requirement . . . is to make certain that an expert . . . basing testimony upon . . . personal experience[] employs the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.").

Ms. Trimble Saiz's affidavit suffers from the same basic flaws.  Ms. Trimble Saiz opines on the validity of the various transactional documents, most notably the Bonds and the Tribal Agreement, but she fails to explain how these views match up with specific, relevant experience. For example, she concludes with virtually no explanation that any document that was included as an exhibit to the now-void Indenture (notably, an unexecuted specimen Bond) is void, too. (Trimble Saiz Aff. ¶ 15(a).)  Nothing on the face of the affidavit furnishes support for this exhibit-based approach to voiding, or even roots it in Ms. Trimble Saiz's experience at NIGC. And there is "no hint of an inferential process" that allows a court to understand whether she has reliably applied principles based on her experience to the facts at hand.  *See Mid-State Fertilizer Co. v. Exch. Nat'l Bank of Chi.*, 877 F.2d 1333, 1339 (7th Cir. 1989).

As with Mr. Washburn, the pattern is repeated throughout her affidavit.  (*E.g.*, Trimble Saiz Affidavit ¶ 15(a)(i) (Bonds are void because they say they were issued "pursuant to" the Indenture); *id.* ¶ 15(c) (Tribal Agreement is void based on three provisions whose significance she does not attempt to explain by reference to either experience or method).)  Because her views are unreliable, they should be excluded from this proceeding.

In sum, relying on the Washburn and Trimble Saiz Affidavits would raise serious due process concerns, and the testimony that the affidavits contain falls short of what *Daubert* demands.  The *Daubert* defects that can be identified based on a plain reading only scratch the surface.  Yet, with the affiants unable to testify or be deposed, movants are deprived of the opportunity to fully explore their opinions and identify additional weaknesses.

## III.    CONCLUSION.

For the reasons set forth above, this Court should strike the unchallengeable and unreliable affidavits of Mr. Kevin Washburn and Ms. Elaine Trimble Saiz.

Dated:  February 21, 2014                              Respectfully submitted,


                                                       /s/ Charles S. Bergen

*Of counsel*:

Charles S. Bergen                                      Heidi L. Vogt, WI State Bar No. 1001318
Laura K. McNally                                       Mark F. Foley, WI State Bar No. 1005627
Daniel R. Fine                                         VON BRIESEN & ROPER, S.C.
Rami N. Fakhouri                                       411 East Wisconsin Avenue, Suite 700
GRIPPO & ELDEN LLC                                     Milwaukee, Wisconsin 53202
111 South Wacker Drive                                 Tel.: (414) 276-1122
Chicago, Illinois 60606                                Fax: (414) 276-6281
Tel.: (312) 704-7700
Fax: (312) 558-1195                                    *Counsel for Saybrook Fund Investors, LLC*
                                                       *(successor to Saybrook Tax Exempt Investors,*
                                                       *LLC); LDF Acquisition, LLC; and Wells Fargo*
                                                       *Bank, N.A.*