IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STIFEL, NICOLAUS & COMPANY, INC.,
STIFEL FINANCIAL CORP., SAYBROOK
FUND INVESTORS, LLC, LDF
ACQUISITION, LLC, WELLS FARGO
BANK, N.A., and GODFREY & KAHN, S.C.,

|                     | Plaintiffs, | OPINION & ORDER |
|---------------------|-------------|-----------------|
| v.                  |             | 13-cv-372-wmc   |

LAC DU FLAMBEAU BAND OF LAKE
SUPERIOR CHIPPEWA INDIANS and
LAKE OF THE TORCHES ECONOMIC
DEVELOPMENT CORPORATION,

Defendants.

On February 28, 2014, the court held a telephonic status conference at the request of the parties to discuss matters related to the upcoming preliminary injunction hearing and to address the parties' recently-filed motions in limine. Consistent with that discussion, the court rules as follows.[1]

The Stifel plaintiffs moved to strike the affidavits of Perry Israel, Penny J. Coleman, Elaine Trimble Saiz and Kevin Washburn as inadmissible legal analysis and legal conclusions. (Dkt. #102.) To the extent that those affidavits contain legal analysis or legal opinions, that motion is well founded and will be granted.

The Saybrook plaintiffs also moved to strike the Washburn and Trimble Saiz affidavits (dkt. #105), on the grounds that neither is available for a deposition, nor will they be available for cross-examination at the preliminary injunction hearing. That motion

---

[1] The court is also in receipt of plaintiff Godfrey & Kahn's motion in limine (dkt. #108). That motion is essentially a status report and was neither granted nor denied, because it does not request any relief.

is granted in part and denied in part.  These witnesses' affidavits may stand (to the extent they are do not include impermissible legal analysis or conclusions) if the affiants are available either: (1) for deposition; *or* (2) for cross-examination at the hearing.  If the witnesses are entirely unavailable, however, the court will grant the motion and exclude their affidavits.  For those affiants who have had their depositions taken, the party taking the deposition must file a full deposition transcript four days before the preliminary injunction hearing, along with designated pages and lines upon which they rely.  Counter designations will be due one day before the hearing.  If transcripts are unavailable due to this short time frame, the parties should attempt to obtain a "dirty copy" and order expedited transcripts, as well as reach an agreement among counsel with regard to the testimony of the witnesses in question, and the court will do its best to accommodate the parties and consider that testimony.

Finally, the Saybrook plaintiffs have moved to prohibit defendants from presenting evidence and argument regarding fraud in the inducement at the preliminary injunction hearing.  (Dkt. #109.)  That motion is also granted in part and denied in part: defendants may raise fraud at the hearing, but only to the extent they have proposed facts in response to plaintiffs' proposed findings of fact that support this claim.  Of course, this ruling is limited to the merits of the pending motion for preliminary injunction and does not preclude defendants from pleading fraud in the inducement as a defense in the case.

With respect to defendants' motions in limine, they would bar evidence and argument by all plaintiffs with respect to various bond documents unless a named party to the document.  (*See* dkt. ## 110, 111, 112, 113.)  Those motions are denied.  All of the plaintiffs have a substantial interest in the outcome of this matter, and the court declines to

2

prohibit them from participating in arguments on the merits of the pending preliminary injunction motion.  While finding that plaintiffs all have standing, the court has not resolved the underlying question as to the extent plaintiffs may benefit from any rights granted in the documents at issue.

Finally, the court set the following deadlines for the parties in the time leading up to the preliminary injunction hearing:

- Plaintiffs are to submit exhibit lists by 5:00 p.m. on Thursday, March 6, 2014.

- Defendants are to provide a list of any additional exhibits by 5:00 p.m. on Wednesday, March 12, 2014.

- The court will hear all objections with regard to deposition designations and exhibits at the preliminary injunction hearing itself.

- The preliminary injunction hearing will take place on Friday, March 14, 2014 beginning at 8:30 a.m.


ORDER

IT IS ORDERED that:

1) Plaintiff Stifel Financial Corp. and Stifel, Nicolaus & Company's motion to strike and bar testimony from defendants' experts (dkt. #102) is GRANTED IN PART and DENIED IN PART consistent with the opinion above.

2) Plaintiff LDF Acquisition, LLC and Saybrook Fund Investors, LLC's motion to strike the affidavits of Kevin Washburn and Elaine Trimble Saiz (dkt. #105) is GRANTED IN PART and DENIED IN PART consistent with the opinion above.

3) Plaintiff LDF Acquisition, LLC and Saybrook Fund Investors, LLC's motion to exclude evidence and argument regarding alleged fraud as a defense to entry of a preliminary injunction (dkt. #109) is GRANTED IN PART and DENIED IN PART, consistent with the opinion above.

4) Defendants Lac du Flambeau Band of Lake Superior Chippewa Indians and Lake of the Torches Economic Development Corporation's motions to bar evidence and argument regarding irrelevant contracts (dkt. ##110, 111, 112, 113) are DENIED.

5) Plaintiff Godfrey & Kahn, S.C.'s motion in limine (dkt. #108) is DISMISSED as moot.

Entered this 4th day of March, 2014.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge