IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

STIFEL, NICOLAUS & COMPANY, INC.,
STIFEL FINANCIAL CORP., SAYBROOK
FUND INVESTORS, LLC, LDF
ACQUISITION, LLC, WELLS FARGO
BANK, N.A., and GODFREY & KAHN, S.C.,

                Plaintiffs,                ORDER

    v.

                                                    13-cv-372-wmc

LAC DU FLAMBEAU BAND OF LAKE
SUPERIOR CHIPPEWA INDIANS and
LAKE OF THE TORCHES ECONOMIC
DEVELOPMENT CORPORATION,

                Defendants.
───────────────────────────────────────────────────────────────

Following the hearing on preliminary injunction, the parties were instructed to submit to the court: (1) the exhibits that they have stipulated will form part of the record on preliminary injunction; and (2) motions to admit any exhibits on which they could not reach agreement. The parties have since filed a stipulation (dkt. #160), which the court ADOPTS. The remainder of this order briefly addresses the parties' other submissions and objections.

Taking first the Stifel plaintiffs' notice (dkt. #159), the court OVERRULES the objections interposed to the deposition designations of David DeYoung, with the exception of those few objections defendants did not contest. (*See* dkt. #165.)

Next, the defendants moved to admit certain other exhibits into the record. (Dkt. #162.) Godfrey's objections to that motion fall into two main categories. *First*, they object to defendants' exhibits 211, 218, 219, 220 and 221, as containing impermissible legal conclusions, and to any remaining portions of those exhibits on relevance grounds.

Consistent with this court's initial ruling on this issue, all portions of those affidavits constituting legal opinion are EXCLUDED. To the extent additional portions of those affidavits are *not* legal opinion and pertain to NIGC custom and practice, the court will OVERRULE the objection and admit those materials for whatever limited relevance they may have.[1] Godfrey also objects to the exhibits attached to the affidavits but provides no grounds for that objection, so it, too, is OVERRULED. *Second*, Godfrey objects to the admission of previous opinions of this court on the grounds that they do not constitute evidence (exhibits 223, 235). The court agrees and will not admit them into the record as "evidence," but will obviously consider them as precedent.

The Saybrook plaintiffs' objections are resolved as follows:

- The objections to the NIGC materials (exhibits 212, 213 and 214) are OVERRULED, for the same reasons as Godfrey's objections to evidence on NIGC custom and practice.

- The objection to various filings from other lawsuits on relevance grounds (exhibits 215, 216, 217, 224, 225, 226, 227, 228, 229, 230, 234, 235) are also OVERRULED. Defendants respond that those filings serve to show either: (1) that plaintiffs have previously sought to enforce consensual relationships with the tribe; or (2) that plaintiffs have previously argued contractual claims do not give rise to a federal question. The court agrees.

- The objection on relevance grounds to e-mails surrounding the negotiation of the Bond Transaction, as well as the lease between the defendants and the

---

[1] Godfrey's conditional motion to admit affidavits in response is granted subject to the same nuance: to the extent they contain impermissible legal opinion, they will not be admitted.

2

declaration of Karen Maki (exhibits 236, 237, 238, 242, 243, 244, 245 and 247) are OVERRULED.  The Saybrook plaintiffs' real argument is that those exhibits do not serve to establish *Montana* jurisdiction, not that they are irrelevant.

Finally, the Saybrook plaintiffs ask that if the court admits the Coleman affidavit, it also admit the documents produced by Coleman (exhibit 219) for the limited purpose of determining the basis of her opinions.  Plaintiffs neither provide a reason to keep those documents out for *other* purposes, nor dispute defendants' argument that the exhibits are relevant for the same reasons as the NIGC materials described above.  Plaintiffs' objection to exhibit 219 is, therefore, OVERRULED.

Entered this 16th day of May, 2014.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge