UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

STIFEL, NICOLAUS & COMPANY, INC.,
STIFEL FINANCIAL CORP.,
SAYBROOK FUND INVESTORS, LLC,
LDF ACQUISITION, LLC,
WELLS FARGO BANK, N.A.,
and GODFREY & KAHN, S.C.,

        Case No. 13-cv-372-wmc

    Plaintiffs,

v.

LAC DU FLAMBEAU BAND OF LAKE
SUPERIOR CHIPPEWA INDIANS and
LAKE OF THE TORCHES ECONOMIC
DEVELOPMENT CORPORATION,

    Defendants.

**STIPULATED FINAL JUDGMENT FOR PERMANENT INJUNCTION AND ORDER OF DISMISSAL**

WHEREAS, on April 25, 2013, the Lac du Flambeau Band of Lake Superior Chippewa Indians and the Lake of the Torches Economic Development Corporation (together, the "Tribal Parties") filed a lawsuit against Stifel, Nicolaus & Company, Inc., and Stifel Financial Corp. (together, "Stifel"); Saybrook Fund Investors, LLC, LDF Acquisition, LLC, and Wells Fargo Bank, N.A. (collectively, the "Saybrook Plaintiffs"); and Godfrey & Kahn, S.C. ("Godfrey") in the Court of the Lac du Flambeau Band of Lake Superior Chippewa Indians ("Tribal Court"), Case No. 13 CV 115 (the "Tribal Court Action");

WHEREAS, the Tribal Court Action arises out of a bond transaction involving the Parties and concerns, among other issues, the validity of various bond documents (which

are listed on pages 3–4 of this Court's May 16, 2014 Opinion, ECF No. 175) and the parties' respective rights and obligations thereunder;

WHEREAS, on May 24, 2013, Stifel, the Saybrook Plaintiffs, and Godfrey filed this Action seeking declaratory and injunctive relief precluding the Tribal Parties from pursuing the Tribal Court Action (ECF No. 1);

WHEREAS, the Tribal Parties have in turn asserted conditional counterclaims against Plaintiffs in this Action (ECF No. 99), which are subject to a pending motion to dismiss for lack of subject matter jurisdiction (ECF No. 169);

WHEREAS, on May 16, 2014, this District Court entered an order preliminarily enjoining the Tribal Parties "from participating in any tribal court proceeding against Stifel or the Saybrook plaintiffs regarding a dispute or controversy arising out of the bond documents or related transactions, including without limitation the lawsuit filed on April 25, 2013";

WHEREAS, the District Court denied plaintiff Godfrey's motion for a similar preliminary injunction;

WHEREAS, on November 24, 2015, the United States Court of Appeals for the Seventh Circuit affirmed the judgment of the District Court with regard to the grant of preliminary injunctive relief to Stifel and the Saybrook Plaintiffs, reversed the District Court's denial of preliminary injunctive relief to Godfrey, and remanded the case to the District Court for further proceedings;

WHEREAS, on September 7, 2016, this District Court expressed intent to enter a preliminary injunction in Godfrey's favor and proceed to trial;

WHEREAS, all parties (the "Parties") desire to simplify and expedite the ultimate resolution of the remaining disputes between the parties in state court, and to avoid the additional expense and burden of continuing to litigate this Action; and

THEREFORE, without any admission on any issue of law or fact, the Parties hereby consent to the entry of this stipulated permanent injunction and order of dismissal (the "Stipulation") in accordance with the following terms.

## STIPULATION

1. **Stipulation to Permanent Injunction**. The Parties agree and stipulate to the District Court's entry of a final judgment, granting an injunction permanently enjoining any of the Tribal Parties, or any of their affiliates, from participating in any proceedings in Tribal Court against any of the plaintiffs, including Godfrey (the "Non Tribal Parties"), regarding any dispute or controversy arising out of the bond documents or related transactions, including without limitation the Tribal Court Action filed on April 25, 2013 (the "Permanent Injunction").

2. **Dismissal of Tribal Court Action**. Within five (5) days of the entry of the Permanent Injunction, the Tribal Parties shall dismiss the Tribal Court Action, without prejudice, and agree that they will not take any further action against any of the Non Tribal Parties related in any respect to, or arising out of, the bond transaction in Tribal Court. In order to effectuate dismissal of the Tribal Court Action, but solely for that purpose, the Tribal Parties may file any necessary papers in Tribal Court, and any such filing shall not violate this Stipulation.

3. **Claim and Issue Preclusion**. The parties fully reserve all arguments in accordance with applicable claim and issue preclusion law regarding any issue or claim-preclusive effect that the opinions of the Seventh Circuit Court of Appeals and/or the

3

United States District Court in this Action may have. No party may contend that that the opinions of the Seventh Circuit Court of Appeals and/or the United States District Court concerned merely preliminary, rather than permanent, injunctive relief, or that the final judgment was entered by stipulation, to defeat any issue or claim-preclusive effect that the opinions may have. However, the question of whether there is preclusion with respect to any particular issue or claim will be decided based on the current state of opinions issued by the Seventh Circuit Court of Appeals and/or the United States District Court.

4. **No Appeal**. The Parties expressly waive their right to appeal the entry of this Permanent Injunction.

5. **Survival.** This Stipulation shall bind and inure to the benefit of the Parties and their affiliates, successors, assignees, officers, directors, employees, agents, servants, representatives, attorneys, and any other person or entity acting in concert or participation with any of the foregoing, as provided in Fed. R. Civ. P. 65(d)(2).

6. **Ineffective Unless Entered.** This Stipulation shall have no force or effect unless and until the stipulated order is entered by the Court.

7. **Dismissal of Remaining Claims.** Pursuant to Fed. R. Civ. P. 41(a)(2), the Parties agree to voluntarily dismiss all remaining claims and counterclaims in this Action without prejudice. Each Party shall bear its own costs.

8. **Retention of Jurisdiction.** The Parties intend that this Court shall retain jurisdiction to enforce the terms of this Stipulation.

### ORDER

In accordance with the foregoing stipulation of the parties, IT IS ORDERED as the final judgment in this action that:

1. The Defendants Lac du Flambeau Band of Lake Superior Chippewa Indians and the Lake of the Torches Economic Development Corporation, and all of their affiliates, are permanently enjoined from participating in any proceedings in the Court of the Lac du Flambeau Band of Lake Superior Chippewa Indians against Stifel, Nicolaus & Company, Inc.; Stifel Financial Corp.; Saybrook Fund Investors, LLC; LDF Acquisition, LLC; Wells Fargo Bank, N.A.; or Godfrey & Kahn, S.C.; regarding any dispute or controversy arising out of the bond documents or related transactions, including without limitation the lawsuit filed on April 25, 2013;

2. Pursuant to Fed. R. Civ. P. 41(a)(2), the parties' remaining claims and counterclaims are dismissed without prejudice; and

3. This Court will retain jurisdiction to enforce the terms of this permanent injunction and the foregoing stipulation of the parties.

STIPULATED to this 11th day of February 2016.

Respectfully submitted:

/s/Brian G. Cahill
Brian George Cahill
Gass Weber Mullins LLC
309 N Water St
Milwaukee, WI 53202
414-223-3300
Fax: 414-224-6116
Email: cahill@gasswebermullins.com
*Attorney for Stifel, Nicolaus & Company, Inc., and Stifel Financial Corp.*

/s/Gary M. Miller
Gary Michael Miller
Shook, Hardy & Bacon L.L.P.

5

111 S. Wacker Drive
Suite 5100
Chicago, IL 60606
312-704-7700
Fax: 312-558-1195
Email: gmiller@shb.com
*Attorney for Saybrook Fund Investors, LLC, LDF Acquisition, LLC, and Wells Fargo Bank, N.A.*

/s/James R. Clark_____
James R. Clark
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
414-297-5543
Email: jclark@foley.com
*Attorney for Godfrey & Kahn, S.C.*

/s/Timothy M. Hansen_____
Timothy Michael Hansen
Hansen Reynolds Dickinson Crueger LLC
316 North Milwaukee Street
Ste. 200
Milwaukee, WI 53202
414-273-8473
Fax: 414-273-8476
Email: thansen@hrdclaw.com
*Attorney for the Lac du Flambeau Band of Lake Superior Chippewa Indians and the Lake of the Torches Economic Development Corporation*

SO ORDERED this \_\_\_ day of _____, 20\_\_\_.

_____
United States District Judge